```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

ERMA DEFRANCESCO,               :
                                :
     Plaintiff,                 :
                                :
V.                              :     CASE NO. 3:05-CV-1408 (RNC)
                                :
NATIONWIDE MUTUAL               :
INSURANCE COMPANY,              :
                                :
     Defendant.                 :
```

RULING AND ORDER

Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to obtain long-term disability insurance benefits that the defendant is refusing to pay as a result of plaintiff's receipt of a retroactive lump-sum award of Social Security Disability Insurance ("SSDI") benefits.  The defendant has moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted, contending that the plan clearly entitles it to withhold payments from the plaintiff as a means of recouping payments it made to her during the period covered by the retroactive part of the SSDI award.  I agree and therefore grant the motion.

I.   Facts

The relevant facts appear to be undisputed.  Plaintiff worked for the defendant from 1969 until she became unable to work in 1984.  (Am. Compl. ¶ 5.)  In late 1984, or early 1985,

1

she began receiving long-term disability benefits in accordance with the defendant's 1984 Certificate of Insurance (id.), which the parties treat as "the plan" for purposes of plaintiff's claim under ERISA.  The Certificate made it clear that disability benefits payable to an employee under the plan would be subject to an offset for amounts payable to the employee under the Social Security Act.  In this regard, the Certificate stated:

> The maximum Disability Income Benefit for any one week shall be 1/52 of the aggregate amount of . . . 80% of the first $10,000 of annual base salary plus . . . 60% of the annual base salary in excess of $10,000 less . . . the total annual payments payable under the United States Social Security Act . . . .

In 1987, plaintiff applied for SSDI benefits, but her application was denied. (Id. ¶ 6.)  A second application was denied initially, but an appeal led to a remand for further proceedings, which eventually resulted in a determination that plaintiff qualified for SSDI benefits starting in 1997.  (Id. ¶¶ 6-7.)  In October 2003, the Social Security Administration notified plaintiff that she had been awarded SSDI benefits retroactive to 1997 at a rate of $927 per month, and that she would be receiving a lump-sum payment for all the previous months covered by the award, less $8,000 for attorney's fees. (Id. ¶ 7.)

In January 2004, defendant notified plaintiff that, as a result of the retroactive lump-sum award of SSDI benefits, it was entitled to be reimbursed in the amount of $59,328.  (Id. ¶ 9.) The defendant calculated this amount by multiplying the SSDI monthly benefit award by sixty-four months.  (Id.)  Plaintiff appealed the decision.  (Id. ¶ 10.)  In March 2005, the defendant rejected the appeal and informed the plaintiff that her payments would be reduced to zero until the amount of her indebtedness was paid in full.  (Id. ¶ 11.)  Plaintiff then brought this suit.

II. Discussion

In ruling on a motion to dismiss under Rule 12 (b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." York v. Ass'n of the Bar, 286 F.3d 122, 125 (2d Cir. 2002).  To withstand a motion to dismiss, a complaint "must allege facts which, assumed to be true, confer a judicially cognizable right of action."  Id.  A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The issue presented by the motion to dismiss is whether the the 1984 Certificate of Insurance manifests an unambiguous intent to permit defendant to withhold benefit payments from the plaintiff until it recoups the amount of her retroactive lump-sum

SSDI award.  Defendant contends that such withholding is plainly permitted to give effect to the provision in the Certificate stating that "the maximum Disability Income Benefit for any one week shall be 1/52 of [a percentage of plaintiff's annual salary] less the total annual payments payable under the United States Social Security Act . . . ."  Plaintiff responds that the Certificate is ambiguous because it contains no provision explicitly authorizing defendant to recover a retroactive lump-sum SSDI award or withhold benefit payments to effect such a recovery.  I agree with the defendant that the absence of such an explicit provision does not create an ambiguity.

Though the Second Circuit has not considered this issue, other courts are in agreement that a provision in an employee benefits plan authorizing offsets for Social Security payments applies to retroactive lump-sum awards, even in the absence of an explicit reference to such awards.  See, e.g., Lake v. Metro. Life Ins. Co., 73 F.3d 1372, 1377-78 (6th Cir. 1996); Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d 1279, 1287 (9th Cir. 1990); Spray v. Unum Life Ins. Co. of Am., 749 F. Supp. 800, 806 (W.D. Mich. 1989); Stuart v. Metro. Life Ins. Co., 664 F. Supp. 619, 623-24 (D. Me. 1987), aff'd, 849 F.2d 1534 (1st Cir. 1988); see also Nesom v. Brown & Root, U.S.A., Inc., 987 F.2d 1188, 1194 (5th Cir. 1993) (approving the recoupment of a retroactive workers' compensation award, despite

the absence of the word "retroactive").  As in Lake and Madden, the Certificate at issue here explicitly authorizes defendant to reduce the amount of benefits payable under the plan by any amounts payable under the Social Security Act, without distinguishing between retroactive and prospective payments. Construing the plan to require the defendant to continue to pay the plaintiff without regard to her receipt of the retroactive lump-sum SSDI award would be plainly inconsistent with this provision.[1]

Plaintiff relies on the Second Circuit's decision in Feifer v. Prudential Ins. Co. of Am., 306 F.3d 1202 (2d Cir. 2002), for the proposition that the defendant may not withhold benefit payments in the absence of a plan provision expressly authorizing it to do so.  In Feifer, the plan's description of long-term disability benefits made no mention of offsets for Social Security payments, in contrast to the plan's description of short-term disability benefits, which explicitly provided for

---

[1] Plaintiff's memorandum in opposition to the motion to dismiss suggests that she would not have spent years trying to get SSDI benefits only to turn them over to the defendant.  Her frustration is understandable.  However, there is no allegation (nor, apparently, any basis for an allegation) that she was misled by the defendant.  And although the defendant easily could have amended the Certificate to explicitly state that payments under the plan would be subject to offsets for retroactive lump-sum SSDI awards, at the time the plaintiff was pursuing her application for SSDI benefits, it was reasonably clear from the case law that plans expressly authorizing offsets for Social Security payments would be interpreted that way.

such offets.  Id. at 1210.  Nothing in the opinion suggests that a plan provision expressly authorizing offsets for amounts payable under the Social Security Act should not be interpreted to apply to retroactive lump-sum awards.

Plaintiff argues that the Certificate's use of the word "payable" creates an ambiguity because it implies that an SSDI payment has no bearing on the amount owed to an employee under the plan unless and until the SSDI payment is actually "payable." Since plaintiff's SSDI award was not "payable" until August 2003, plaintiff argues, the amounts she previously received under the plan are not subject to any reduction.  In effect, she contends that she had a vested right to the full amount of the payments she received under the plan during the period covered by the retroactive part of the SSDI award because no SSDI payments were "payable" until the award was finally made.  I do not agree that the word "payable" can reasonably be construed to reflect an intent to ignore an employee's receipt of a retroactive lump-sum SSDI award.

Plaintiff also argues that the defendant is required to continue to pay her benefits without regard to her receipt of the retroactive lump-sum award because the Certificate states: "[H]owever, if you are currently receiving Social Security Disability Benefits, this provision shall not apply to any increases in Social Security payments you may receive resulting

from the Social Security Amendments which became effective after your date of disability." Plaintiff contends that this provision evidences an intent to offset SSDI payments only if the employee is receiving them when she first becomes eligible for long-term disability benefits under the plan.  But the quoted language plainly does not apply to anything other than increases in SSDI payments resulting from amendments to the Social Security Act.

III. Conclusion

For the foregoing reasons, the motion to dismiss [Doc. # 17] is hereby granted.  The Clerk will enter a judgment in favor of the defendant dismissing the complaint with prejudice.

So ordered.

Dated at Hartford, Connecticut this 7th day of April, 2006.

                                      _____/s/_____
                                            Robert N. Chatigny
                                    United States District Judge